# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**FREDERICK LAMARR MCCLOUD, #29459-039**  PETITIONER

**VS.**  **CIVIL ACTION NO. 3:09-cv-728-TSL-FKB**

**MARCUS MARTIN, Warden FCI - Beaumont**  RESPONDENT

## ORDER

Petitioner, an inmate currently incarcerated at the Federal Correctional Institution, Beaumont, Texas, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Having reviewed the petition and entire court record, the court finds that it is without jurisdiction to consider this § 2241 petition because the petitioner is not currently incarcerated within the Southern District of Mississippi, nor was he incarcerated in the Southern District of Mississippi when he filed this petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004)(§ 2241 habeas petitioner challenging his present physical custody should file the petition in the district of confinement); *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001)(district of incarceration is the only district that has jurisdiction to entertain a § 2241 petition); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)([a] section 2241 petition on behalf of a sentenced prisoner must be filed in the same district where the prisoner is incarcerated); *see also Dockery v. Driver*, 2010 WL 376421, *1 (5th Cir. 2010)(holding only district of incarceration had jurisdiction in § 2241 petition)*; U.S. v. Lott*, 227 Fed App'x 414 (5th Cir. 2007)("Lott's motions are in the nature of 28 U.S.C. § 2241 petitions and should have been filed in the district of his incarceration."). Therefore, the court will transfer this matter to the United States District Court for the Eastern District of Texas, Beaumont, Texas, in whose jurisdiction the petitioner and his current custodian

may be found. *See U.S. v. Saldana*, 273 Fed. App'x 845, 847 (11th Cir. 2008)(in the interest of justice, the district court has the authority to transfer a § 2241 petition to the proper district court). As such, it is, hereby,

ORDERED that in the interest of justice, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), this case shall be transferred to the United States District Court for the Eastern District of Texas, for all further proceedings. Whether petitioner may proceed on the merits of his claims under § 2241 is a determination to be made by the transferee court. *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999)("Hooker is entitled to a judicial determination whether he may proceed under § 2241, and that determination can only be made in the district where he is incarcerated.").

IT IS FURTHER ORDERED that the Clerk of Court is directed to effectuate the transfer of this case to the United States District Court for the Eastern District of Texas, Beaumont Division, Jack Brooks Federal Building, 300 Willow Street, Beaumont, Texas 77701. Petitioner is directed to send any further correspondence or filings in this matter to the Eastern District of Texas.

SO ORDERED, this the ___5th___ day of March, 2010.

                                                /s/Tom S. Lee
                                                UNITED STATES DISTRICT JUDGE